DICKINSON WRIGHT PLLC
BRIAN R. IRVINE
Nevada Bar No. 7758
100 West Liberty Street
Suite 940
Reno, Nevada 89501
Tel: (775) 343-7500
Fax: (844) 670-6009
Email: birvine@dickinsonwright.com

*Attorneys for Defendant*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>RED ROSE, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>CASE NO. BK-S-20-12814-mkn<br>Jointly Administered in the United States Bankruptcy Court for the District of Nevada Under |
| ACF FINCO I, LP,<br><br>Plaintiff,<br><br>v.<br><br>ALPHA SUPPLY, LLC,<br><br>Defendant. | Adv. Pro. No.: 21-01245-mkn<br><br>**AMENDED COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550** |

Defendant Alpha Supply, LLC ("Defendant"), by and through its undersigned attorneys, hereby submits its answer the *Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550* ("Complaint") [Adversary Docket No. 1] filed by Plaintiff ACF Finco I, L.P. ("Plaintiff"), as follows.

1

**Jurisdiction and Venue**

1. Defendant is informed and believes that the status of the case is as reflected in the Bankruptcy Court records, but except as so admitted, Defendant denies each and every allegation contained in paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint consists of statements and conclusions of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

3. Paragraph 3 of the Complaint consists of statements and conclusions of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

**Parties**

5. Defendant admits that it was a creditor of one of the Debtors. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint and therefore denies those allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

**Relationship between Defendant and Debtors**

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits the allegations contained paragraph 9 of the Complaint.



2

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies those allegations.

11. Defendant admits the allegations contained in paragraph 8 of the Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies those allegations.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

## COUNT I

**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. §547)**

14. In response to paragraph 14 of the Complaint, Defendant restates and incorporates by reference its responses to paragraphs 1 through 13 of the Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies those allegations.

16. Defendant admits the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies those allegations.

19. Defendant admits the allegations contained in paragraph 19 of the Complaint.



3

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore denies those allegations.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

## COUNT II

**(Recovery of Avoided Transfers Pursuant to 11 U.S.C. §§ 550)**

22. In response to paragraph 22 of the Complaint, Defendant restates and incorporates by reference its responses to paragraphs 1 through 21 of the Complaint.

23. Defendant admits the allegations contained in paragraph 23 of the Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies those allegations.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

## Reservation of Rights

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint. To the extent a response is required, Defendant denies the allegations contained in paragraph 26 of the Complaint.

## AFFIRMATIVE DEFENSES

27. As a first and separate affirmative defense, the Defendant alleges that the Complaint and each Claim thereof fail to state claims for relief.



28. As a second and separate affirmative defense, the Defendant alleges that the Transfers were intended by the transferor Debtor and the Defendant to be contemporaneous exchanges for value and were, in fact, substantially contemporaneous exchanges, all in accordance with 11 U.S.C. § 547(c)(1).

29. As a third and separate affirmative defense, the Defendant alleges that the Transfers made to the Defendant were made in the ordinary course of business or financial affairs of the transferor Debtor and the Defendant or were made according to ordinary business terms, all in accordance with 11 U.S.C. § 547(c)(2).

30. As a fourth and separate affirmative defense, Defendant alleges that each of the Transfers made to the Defendant by the transferor Debtor was followed by the Defendant's giving new value and benefit to or for the benefit of the transferor Debtor on account of which the transferor Debtor did not make an otherwise unavoidable transfer to the Defendant, all in accordance with 11 U.S.C. § 547(c)(4).

31. As a fifth and separate affirmative defense, the Defendant alleges that the Defendant is entitled to all just, proper, or lawful offsets or credits in connection with Plaintiff's claims.

32. As a sixth and separate affirmative defense, the Defendant alleges that the transferor Debtor or Debtors were not insolvent at the time of the Transfers. The Defendant denies that any payments to Defendant were made while the transferor Debtor was insolvent and expressly reserve the right to seek a bifurcated trial in order to have the Court determine whether the transferor Debtor was solvent on each date upon which it made each alleged transfer, such trial to be prior to any trial on the remaining elements that the Plaintiff must prove under 11 U.S.C. § 547.

33. The Defendant consents to the entry of final orders or judgments by the Bankruptcy Judge if it is determined that the Bankruptcy Judge, absent consent of the

parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

34. Additional facts may be revealed by future discovery which support defenses presently available to, but unknown by, the Defendant. Accordingly, the Defendant alleges the following affirmative defenses: waiver, estoppel, ratification, release, res judicata, lack of jurisdiction over subject matter, lack of jurisdiction over person, improper venue, failure to join all necessary parties, insufficiency of process, insufficiency of service of process, statute of limitations, laches, privilege, novation, failure of consideration, statutory exemption, conditions precedent, recoupment, and any other grounds which constitute an avoidance or affirmative defense.

WHEREFORE, the Defendant demands judgment in its favor and against the Plaintiff on every Claim of the Complaint, that the Complaint be dismissed with prejudice, and that the Court award the Defendant such other and further relief as is just and equitable, together with the taxation of professional fees and costs according to law.

DATED: June 14, 2022.

DICKINSON WRIGHT PLLC

*/s/ Brian R. Irvine*
BRIAN R. IRVINE
Nevada Bar No. 7758
100 West Liberty Street
Suite 940
Reno, Nevada 89501
Tel.: (775) 343-7500
Fax: (844) 670-6009
Email: birvine@dickinsonwright.com

*Attorneys for Defendant*



1 | Copy of the foregoing sent by electronic mail to:

Talitha Gray Kozlowski
tgray@brg.legal
Garret Nye
gnye@brg.legal
BANKRUPTCY RECOVERY GROUP, LLC
7251 Amigo Street, Suite 210
Las Vegas NV 89119
*Attorneys for Plaintiff*

7